Geeen, J.
delivered the opinion of the court.
The bill in this case was filed by Joseph Graham, and the heirs of Lewis Beard, against the heirs of. John Nelson, the 9th of September, 1881.
John Nelson, by a deed of assignment, for the consideration of $2,000, sold and transferred to Joseph Graham and Lewis Beard, all his right, title and interest in an entry of five thousand acres of land, in John Armstrong’s office, No. 1121, which was located in the name of Robert Nelson, and transfer- ., red to John Nelson, and which called to lay, “joining Samuel Nelson’s entry, beginning at the most eastwardly corner of his entry, and running down Clear creek into the waters of Tennessee, for complement. October 30th, 1783.” The said deed empowered the surveyor to make return of all proceedings in the names of the said Joseph Graham and Lewis Beard. This assignment is dated the 15th of February, 1812.
It appears that the land described in this entry could not be identified, and the warrant had been withdrawn as early as' 1807, and filed with the Board of Commissioners of West Tennessee, with a claim for a duplicate. The warrant was adjudged valid, but it remained in the office of the said Commissioners until 1820. On the 1st Wednesday in November, 1820, *606 a certificate, founded on said warrant, was issued to John Nelson, authorizing him to enter 5000 acres of land by virtue of warrant No. 1121, and that he was entitled to location No. 1337. An entry was made by virtue of this certificate in the 11th Surveyor’s District, No. 187, in the name of John Nelson for 5000 acres, on the 11th of December, 1820. On the 29th of November, 1822, a grant was issped to John Nelson and his heirs, founded upon the said warrant and entry.
The land thus granted, lies in the counties of Tipton and Haywood; and this bill was filed in 1831, in the Chancery Court at Jackson, setting up the equitable right of the complainants, and seeking to divest the heirs of John Nelson of the legal title. David W. Cook and his wife Caroline M. (who was a daughter and one of the heirs of John Nelson,) answered the bill, and among other defences, they say, that “even if such a transfer had been made as is charged in said bill, it ought to be viewed only as a personal security, and as such, isbarredby the statute of limitations.”
The other heirs of Nelson filed pleas, alledging that the complainants’ cause of action accrued more than seven years before the filing of their bill. The pleas were se.t down for argument, and when they came on to be heard were adjudged insufficient, and were disallowed by the court, and the parties had leave to answer. No answer was filed, and the bill was taken for confessed, and set down for hearing ex parte.
The answer of Cook and wife stated, that the said Cook had, acting for himself and wife and for the other heirs of John Nelson, sold various tracts of land, part of the 5000 acre tract in dispute, to the other defendants, Roddy, Dodson, Bridgman, Jones, Hunt, Means, Colter, Cunningham and Davidson.
Upon the coming in of Cook’s answer, the complainant filed an amended bill, making the above named persons parties to the suit, and alledging that, until the fact was disclosed in Cook’s answer, they “were entirely ignorant of the pretended purchases of the aforesaid persons,” and they by no means admit “that they were made,” and requiring said Cook and the aforesaid purchasers to set forth particularly the nature of their sales, and of the authority under which Cook acted. All the pur *607 chasers under Cook, filed their answers, stating the date of their several purchases, and that they had all received deeds from Cook, except the defendant Hunt, who had only a title bond. They rely on the statute of limitations of seven years in their several answers. But none of the defendants produce their deeds, or evidence of purchase from Cook, or Cook and wife; nor has any authority from the heirs of John Nelson to Cook been shown, by which he could legally make these sales; nor do the answers alledge, that any of these purchasers have conveyances from Cook and wife, except the defendant Bridgman.
1. The first question, from these facts, is, whether these pretended purchasers from Cook, are protected by the statute of limitations. None of them have been in possession of any part of the land in dispute seven years before the bill was filed. There is, therefore, no pretence of claim under the the first section of the act of 1819. And as no right of action accrued against any of them seven years before suit brought, they are not protected by the second section of that act, unless they can connect themselves with the heirs of Nelson, and avail themselves of such defence as those heirs might have made. But we have seen, that no title paper is produced, showing a purchase by which to connect them with Nelson’s heirs. They state in their answers, that they purchased of Cook, as agent of Nelson’s heirs, and that Cook had authority from those heirs to sell; but they neither produce evidence of their purchase from Cook, nor of his authority to sell, although the amended bill alledged, that no such sales were actually and bona fide made, and that Cook had no authority to sell, and required said sales and the authority to make them, to be particularly set forth. There is, therefore, no connection of these purchasers with Nelson’s heirst by means of any sales made to them by Cook, as agent of those heirs, no such agency having been shown to exist. But it is said Cook’s wife was one of Nelson’s heirs, and that these purchasers can connect themselves with her title. But it will appear by the answers, that the purchases were not made from Cook and wife, but from Cook alone, and he had no more authority to sell his wife’s land, without joining *608 her in the sale, than he had to sell the land of the other heirs. As, therefore, Cook had no authority to sell, either as husband, or.as agent of the heirs of Nelson, these purchasers would have shown no connection with Nelson’s heirs, if they had produced evidence of their purchase. But as has been before stated, they do not show themselves to have been purchasers from any one. It is then, the case of a possessor of land, who is a mere naked trespasser, (so far as the proof shows,) unable to protect himself by the length of his possession, attempting to resist the complainants’ right, on the ground, that the complainants’ bill to divest the legal title out of a co-defendant (with whom no connection is shown) was not brought in time. This we think cannot be done. It is very unlike the case of a defendant in ejectment, who is permitted to show a better outstanding title in a third person. In that proceeding, a party • must succeed upon proof of his own title, and if there be a better title shown in a third person, of course he cannot recover, though the defendant have no title. But here the case, is very different. The equity of the complainants is unquestioned, and the bill is brought to divest the mere legal title out of these heirs; and the other defendants, though unconnected with the title of those heirs, insist that the bill to divest the title was not brought in time. We think they have no right to make this defence for Nelson’s heirs.
2. The next question is, whether Cook and wife are protected by the second section of the act of 1819.
In their answer, as heretofore quoted, they say: “Even if such transfer had been made, as charged .in said bill, it ought to be viewed only as a personal security, and, as such, is barred by the statute of limitations.” They have by the language used, excluded the idea that they intended to rely on the statute of limitations of seven years on real actions. They say, the deed from Nelson to Graham and Beard, ought to be viewed only as a personal security, and as such, that is — as a personal security — barred by the statute of limitations: of course they rely on the statute of limitations applicable to personal actions. As they were altogether mistaken in putting their de- *609 fence on this ground — so far as they are concerned, there is no plea of the statute of limitations.
3. As it regards 'the other heirs of John Nelson, pleas were filed relying on the statute of limitations of seven years; which pleas were set down for argument, and were disallowed by the Chancellor; after which no further defence has been made by them.
The act of 1829, ch. 79, sec. 1, by virtue of which this cause has been transferred to this court for final decisión, provides, that it shall be the duty of this court, when any cause may be transferred from the Chancery Court, to revise any decisions, interlocutory decrees, or orders that may have been made in the cause, as though it had been taken up by appeal.
The correctness of the judgment of the Chancellor, in disallowing the pleas in this case, is, therefore, to be reviewed by this court. And we think they were properly disallowed, for two reasons.
In the first place, they are not filed upon oath — and it is laid down, that “pleas in bar of matters in pais, must be upon oath of the defendant. ” Mit. Pl. 243. Now the facts, upon which the bar of the statute of limitations is formed, are matters in pais; and in these pleas, they are the mere suggestions of the solicitor, not verified by the oath of the defendants. They were, therefore, properly disallowed. Indeed they should not have been noticed as pleas on the record; but the fact that they were set down for argument was no waiver of the objections to them, but was á means of obtaining the judgment of the court of their invalidity as defences.
But these pleas were properly disallowed for another reason. This bill alledges that the agent of the complainants was in this country from North Carolina in 1828, and exhibited the complainants’ title to the defendants, Cook and wife, and to the youngest son of J. Nelson, deceased, who admitted the transfer to the complainants, Graham and Beard, was in said Nelson’s hand writing; that they professed an anxious desire that they should not be sued; promised to have a consultation with the other heirs, and if they would consent, to relinquish all claim to the land; and encouraged the belief, that said consultation would *610 eventuate in a surrender of the whole of their claim to the land by the heirs; that upon the.faith of the said promises the said agent forbore to bring suit at the time, and the complainants, relying on these representations, have forborne to sue ever since; and they charge, that the delay in bringing suit was fraudulently obtained by the defendants Cook and Nelson.
It is laid down in Mitford’s Pleadings, 241, that “if there is a charge in the bill, which is an equitable circumstance in favor of the plaintiff’s case against the m'atter pleaded, as fraud or notice of title, that charge must be denied by way of answer, as well as by averment in the plea.” Here there is no answer to support the plea, and the charge of fraud is not denied by averment in the plea. It was, therefore, for this reason also, properly disallowed.
4. But we are of opinion, that the statute of limitations has no application to this case. Notwithstanding the general terms of the statute that no suit in law or equity shall be maintained, for any lands, tenements, or hereditaments, but within seven years next after his right to commence such suit shall have accrued, (1819, ch. 28, sec. 2,) it cannot be supposed that the bar was intended to apply to cases where there was no adverse claim to the party entitled to the land. If the party against whom the suit is brought has been holding in subservience to the complainant’s right, and his possession has been consistent therewith, it would be an absurd proposition to assume that such possession was a bar to the action.
Upon this principle this court decided the case of Hammond vs. Hopkins, (3 Yerg. 525,) and Guthrie and wife vs. Owen, (9 Yerg. R.) The case of Hammond vs. Hopkins, was a bill to redeem a mortgage. More than seven years had elapsed after the forfeiture, and the mortgagee had been in possession of the land more than seven years. Nevertheless, this court held, that his possession was consistent with, and not adverse to the right of redemption; and that the statute of limitations was no bar. The case of Guthrie vs. Owen, was a petition for dower, against which this court said the statute does not run. So here, Nelson’s claim was not adverse to, but consistent with the right of the complainants. He had sold the entry 1121 to them, and *611 in considering the right to the land in the present controversy as being derived from that entry, he must be considered as their vendor of this land. The rule is, that after a sale, and before the conveyance of a legal title, the vendor is a trustee for the vendee, and while his possession can be reasonably supposed to be in accordance with the trust, it will be construed for the benefit of the cestui que trust, and the act of limitations will not operate. Angell on Lim. 187-8. In this case there was no act of Nelson which could be construed into a claim adverse to the complainants.' It is true, in the case of Polk vs. Polkand, others, Nelson insists on his right to this warrant. But this claim is asserted only as against the claim of Polk. For in his answer to Polk’s bill, in which he resists the claim there set up, he states that he had sold it to others. His litigation with Polk was,-therefore, for the benefit of the complainants, and not in opposition to their rights. No subsequent act was done by him or his heirs, which was repugnant to the complainant’s claim, until within less than seven years before this suit was brought.
5. But for another reason the act of limitations would not apply, if the question were properly before the court.
It is said all these parties, plaintiffs and defendants, were non-residents of this State, and the contract was made abroad. In such case no action could have been maintained in this State to divest this title until jurisdiction was conferred on the Chancery Courts of the district where the land lies by the act of 1825, and the act of 1827. The act of limitations does not contemplate the bringing an action in another State or Government. It does not operate exteritorially. And as no action could be commenced here until within seven years before this suit was brought, the act has no application to the case.
Decree for the complainants.